A. J. LEWIS, COUNTY ATTORNEY, V. S. H. TERRELL, COMPTROLLER.

No. 4237.    Decided June 27, 1925.

(273 S. W., 560).

1.—County Attorney Acting as District Attorney—Fees—Salary.

By Rev. Stats., Arts. 3884, 3885 (Act of June 19, 1897, Laws, 25th Leg., Called Session, Ch. 15, p. 44) the compensation of a county attorney for acting as district attorney in a county not having such officer is limited to the amount which the district attorney is authorized to retain of fees allowed him, and does not include the $500 salary allowed by the Constitution (Art. 5, Sec. 87) to district attorneys. (Pp. 76, 77.)

2.—Same—Constitutional Law.

The statute (Articles 3884, 3885) providing only fees, and not a salary, for a county attorney acting as district attorney, it is immaterial whether or not, under the Constitution (Article 5, Section 81), the Legislature had power to allow a salary for such services. (P. 77.)

Application by Lewis to the Supreme Court for writ of mandamus against Terrell as State Comptroller.

The Supreme Court referred the application of relator to the

Commission of Appeals, Section A, for its opinion thereon, and here adopts same and refuses the writ of mandamus as therein recommended.

*A. J. Lewis,* realtor, *in pro. per.* cited: Constitution, Art. 5, Sec. 21; Rev. Stats., Art. 3884; Hare v. Grayson County, 51 S. W., 656; Veltman v. Slator, 110 Texas, 198, 217 S. W., 378.

*W. A. Keeling,* Attorney-General, and *L. C. Sutton,* Assistant, for respondent.

It will be noted that the Constitution specifically provides that district attorneys shall receive an annual salary of $500.00 and such fees, commissions and perquisites as may be provided by law, but that the county attorney *shall receive as compensation only such fees, commissions, and perquisites as may be prescribed by law.* Having stated in the same connection that the district attorney shall receive this salary plus fees, etc., provided by law, and then stating expressly that the county attorney shall receive *only* such fees, etc., as may be provided by law, the intention is plain that the county attorney shall not receive this $500.00 as a salary. The intention of the Constitution is, of course, the Constitution itself, and the Legislature would be unauthorized to enact a law contrary to such constitutional provision.

Mr. Judge CHAPMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to 1917 the Twentieth Judicial District was composed of Milam, Robertson, and Brazos Counties. In 1917 the Legislature placed Robertson and Brazos Counties in other districts and provided that thereafter the Twentieth Judicial District should be composed of Milam County, and abolished the office of district attorney of the Twentieth Judicial District as said district then existed, and provided further that the regularly elected county attorneys of Milam, Brazos, and Robertson Counties elected in the general election to be held in November, 1918, and each regular election thereafter held, should perform all the duties of district attorney in their respective counties, theretofore performed by the said district attorney. Relator has been county attorney of Milam County since December 1, 1920, and in this action seeks a writ of mandamus to require the State Comptroller to file his accounts for three successive years beginning December 1, 1920, and ending December 1, 1923, for the constitutional salary provided for district attorneys in Section 21, Article 5, of the State

Constitution, and to issue a warrant in favor of relator upon the State Treasury for said constitutional salary for said three years in the amount of $1,500. The portion of the section of the Constitution referred to that is applicable to this case is as follows:

"The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Relator claims that he is entitled to the constitutional salary mentioned in the section of the Constitution quoted because of the provisions of Article 3884, Revised Civil Statutes. Article 3885 is explanatory of Article 3884, and by an examination of the original act passed in 1897 it is disclosed that the language of the two articles is found to be connected and in the same paragraph in this form:

" * * * provided, that the county attorney in those counties having no district attorney, where he performs the duties of district attorney, may receive the same compensation as provided for the district attorney, provided the maximum fixed for the compensation of the district attorney shall be construed to be the amount which that officer is authorized to retain of fees allowed such officers in his district, whether composed of one or more counties; * * * "

To us this language seems plain and unambiguous and subject to only one construction, and that is, the compensation of district attorneys when used to designate the compensation to be received by county attorneys performing the duties of district attorney, means the amount which the district attorney is authorized to retain of fees allowed him, and does not include the five hundred dollars constitutional salary, and could not by any course of reasoning be held to be an attempt to deprive the district attorney of the salary provided by the Constitution. So far as we have examined, wherever the Legislature has mentioned the salary of the district attorney, it has recognized his right to the five hundred dollars salary, such right being recognized in the act from which the above quotation is taken. If the portion of the act of 1897 that we have quoted that is now carried as article 3885 does not mean what we have construed it to mean, then it has no meaning, and must be treated as surplusage,

but to us the meaning is certain, and we do not see how the Legislature could have any more clearly negatived the idea that county attorneys were not to receive the salary mentioned.

The statute mentioned, upon which relator bases his application, obviates the necessity of determining whether under the article of the Constitution quoted, the Legislature would be authorized to provide for the payment of the constitutional salary of district attorneys to county attorneys performing the duties of district attorney, because the statute so clearly denies the right of such salary to county attorneys.

We recommend that the writ of mandamus be denied.

*Mandamus refused.*

### ON MOTION FOR REHEARING.

We have given careful consideration to relator's motion for rehearing and are of opinion that same presents no good reason why the judgment herein entered should be set aside, and recommend that the motion be overruled.

Opinion of Commission of Appeals adopted and mandamus refused. *C. M. Cureton*, Chief Justice.